UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEENA SHAW, | No. 2:16-cv-00729 TLN CKD |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

I. Introduction

Before the court is defendants' motion to stay this matter pending resolution of the motion to dismiss submitted August 1, 2017. (ECF No. 42.) This matter came before the court for hearing on March 21, 2018. Plaintiff was represented by Jeff Price, who appeared telephonically, and defendants were represented by Wendy Motooka. At the close of the hearing, the court took the matter under submission.

This action proceeds on the First Amended Complaint against Sacramento County and several Sheriff's Department employees. (ECF No. 15 ("FAC").) Plaintiff alleges that, on April 5, 2014, officers made a warrantless entry into her home and used excessive force on her while they arrested her 18-year-old son. (FAC, ¶¶ 23-64.) In 2017, defendants filed a motion to dismiss, arguing that all plaintiff's claims are time-barred and/or fail to state a claim for relief. (ECF No. 32-1.) In opposition to the motion, plaintiff clarified that she was also suing for her

1

own alleged false arrest on April 5, 2014.[1] The district court deemed the motion submitted without argument on August 1, 2017. (ECF No. 39.) That motion remains pending.

II. Motion to Stay

In the instant motion, defendants seek (1) to stay discovery until a ruling issues on the motion to dismiss, or alternatively, (2) an order allowing disclosure of certain records subject to a sealing order by the Sacramento Superior Court and additional time to respond to discovery. (ECF No. 42.) The parties filed a Joint Status Report/Rule 26(f) Discovery Plan on August 1, 2017, proposing discovery deadlines, but there is no Scheduling Order. (ECF No. 40.)

On February 4, 2018, plaintiff served three sets of discovery requests: (1) Request for Production of Documents to the Sheriff's Department; (2) Request for Production of Documents to Sacramento County; and (3) Request for Admissions to defendant Mason, who allegedly pinned plaintiff to the ground and stomped on her back. Plaintiff seeks documents concerning the decision to prosecute her for resisting arrest, any search warrant for her home, and law enforcement actions on the night of the incident. (ECF Nos. 44-1, 44-2.) Many of plaintiff's requests involve records related to the juvenile court arrest warrant for plaintiff's son, Shawn Shaw, and its execution. (ECF No. 43 at 4.)

Defendants have petitioned the state court for Shawn Shaw's records, and petitioner does not object to their unsealing. However, the state court has denied disclosure, evidently because Shawn Shaw sealed these records under a California law allowing persons convicted of juvenile offenses to have their records sealed. Cal. Welf. & Inst. Code § 781. (ECF No. 43-2 at 55.) Section 781 does not provide for the unsealing of such records for use in a civil case, and the issue may have to be litigated. See In re James H., 154 Cal. App. 4th 1078, 1084 (Cal. Ct. App. 2007) (records sealed under § 781 which do not fall under the statute's express exceptions may only be disclosed with the permission of the juvenile court and by order of the juvenile court); see also Bilbrew v. City of Hawthorne, 2013 WL 12125749 (C.D. Cal. Feb. 1, 2013) (granting motion to compel production of sealed juvenile records under a protective order). Defendants

---

[1] She was released the morning after her arrest, and the charge against her (resisting arrest) was ultimately dismissed. (ECF No. 38 at 3.)

have not responded to the discovery requests, instead filing the instant motion.

Courts may issue a protective order staying discovery pending the resolution of potentially dispositive motions. See e.g., Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (no abuse of discretion where district court stayed discovery until issue of immunity was decided on summary judgment). In appropriate circumstances, a discovery stay "furthers the goal of efficiency for the court and litigants." Id. at 685. Here, plaintiff argues that defendants' arguments for dismissal are frivolous and, in any event, she is likely to be granted leave to amend. However, the motion to dismiss may result in the dismissal of one or more claims as time-barred and thus is "potentially dispositive."[2]

Plaintiff's counsel asserts that she will "work with the plaintiff's son to obtain an order from the juvenile court unsealing the juvenile court records so that those records that are pertinent to this case can be disclosed pursuant to a protective order." (ECF No. 43 at 5.) Plaintiff is free to start this process; however, plaintiff identifies no pressing need to require defendants to produce related records pursuant to a protective order before the motion to dismiss is resolved. The ordinary course of action would be for plaintiff to await a ruling on the motion to dismiss, file any amended complaint as needed, and proceed according to any subsequent scheduling order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to stay (ECF No. 42) is granted; and

2. Discovery in this matter is stayed until resolution of the June 23, 2017 motion to dismiss, at which time the parties may stipulate to new discovery deadlines and/or proceed according to any subsequent scheduling order.

Dated: March 23, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / shaw0729.stay

---

[2] Plaintiff urges this court to deem the motion to dismiss "frivolous" and therefore not potentially dispositive. However, the merits of the motion to dismiss are before the District Judge, not the undersigned.

3