UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEENA SHAW,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, *et al.*,<br><br>Defendants. | No. 2:16-cv-00729-TLN-CKD<br><br><br>**ORDER** |

This matter is before the Court pursuant to Defendant Sacramento County Sheriff's Department, Sheriff Scott Jones, County of Sacramento, Sgt. M. Pai # 2055, Deputy Steven Forsyth # 874, Deputy Colin Mason # 461, Deputy Kenneth Shelton # 1021, Deputy Reid Harris # 238, Deputy S. Barry # 828, and Deputy C. Bartilson # 1470's (collectively, "Defendants") Motion to Dismiss. (ECF No. 32.) Plaintiff Sheena Shaw ("Plaintiff") opposes Defendants' Motion. (ECF No. 38.) Defendants filed a Reply. (ECF No. 41.)

After carefully considering the parties' briefing and for the reasons set forth below, the Court hereby GRANTS Defendants' Motion to Dismiss. (ECF No. 32.)

///
///
///

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that, on April 5, 2014, officers of the Sacramento County Sheriff's Department made a warrantless entry into her home and used excessive force against her while arresting her 18-year-old son in her home. (ECF No. 15 ¶¶ 23–59.) Plaintiff alleges she was arrested on April 5, 2014, and then released from the Sacramento County Jail the following day, April 6, 2014. (ECF No. 15 ¶¶ 23, 85.) On April 6, 2016, Plaintiff filed suit *pro se*. (*See* ECF No. 1.) The Court dismissed her suit with leave to amend, (ECF No. 3), and granted her motion to appoint counsel, (ECF No. 11). Plaintiff, now represented by counsel, filed her First Amended Complaint, (ECF No. 15), asserting 11 claims for violations of her constitutional rights pursuant to 42 U.S.C. § 1983 ("§ 1983").

Defendants moved to dismiss. (ECF No. 32.) Defendants argue that ten of Plaintiff's 11 claims are time-barred because Plaintiff filed her original complaint one day after the two-year statute of limitations expired. (ECF No. 32-1 at 9.) Defendants alternatively argue that Plaintiff fails to state a claim for each of her 11 claims for other reasons. (ECF No. 32-1.) Plaintiff opposes Defendants' motion to dismiss as to claims 1–10, arguing the limitations period was tolled until her April 6, 2014 release from Sacramento County Jail. (ECF No. 38 at 5–6.) Plaintiff does not oppose dismissal of claim 11 for malicious prosecution. (ECF No. 38 at 1.)

Plaintiff then served discovery on Defendants, including a request for the county to disclose information related to a juvenile court arrest warrant for Plaintiff's son that has been sealed by the state superior court. (ECF No. 43 at 2, 4.) Defendants moved to stay discovery arguing that the requests for discovery "generate motions practice" by "raising difficult questions involving the Supremacy Clause, federalism, and comity" which "may be entirely mooted by [D]efendants' still pending motion to dismiss." (ECF No. 43 at 2.) Plaintiff opposed on the basis that Defendants' motion to dismiss will not dispose of the case entirely because (i) the motion likely will not be granted, (ii) if it were, Plaintiff would probably be given leave to amend, and (iii) Defendants' statute of limitation argument is frivolous. (ECF No. 43 at 3–4.)

The Magistrate Judge granted Defendant's motion to stay, finding Defendants' motion to dismiss may result in all remaining claims being dismissed as time-barred and is therefore

"potentially dispositive" of the case. (ECF No. 48 at 3.) Plaintiff requests reconsideration of that order. (ECF No. 49.) Defendants oppose. (ECF No. 50.) For reasons set forth below, the Court grants Defendants' motion to dismiss and denies as moot Plaintiff's motion to reconsider.

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.    ANALYSIS**

Defendants argue that Plaintiff's claims 1–10 are time-barred because she filed her complaint on April 6, 2016. (ECF No. 32-1 at 9.) Defendants argue Plaintiff's injury, if any, accrued upon her arrest on April 5, 2014, and so the filing date was one day after the expiration of the two-year statute of limitations for her § 1983 claim. (ECF No. 32-1 at 9.) Plaintiff responds that her night in Sacramento County Jail tolled the statute of limitations pursuant to Cal. Civ.

4

Proc. Code § 352.1(a). (ECF No. 38 at 5–6.) According to Plaintiff, "the statute of limitations period did not commence until April 6, 2014 and the action is timely." (ECF No. 38 at 6.) The parties do not dispute that the statute of limitations period ended on April 5, 2016, unless Plaintiff's incarceration in Sacramento County Jail tolled the statute of limitations by one day. (ECF No. 32-1 at 9; *see also* ECF No. 38 at 6.)

"The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions." *Carpinteria Valley Farms, Ltd. v. Cty. of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003). Effective January 1, 2003, the statute of limitations for personal injury actions in California is two years. Cal. Code Civ. Proc. § 335.1. Moreover, when a federal court borrows the state statute of limitations, it also borrows the state's tolling rules. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). The relevant tolling statute is Cal. Code Civ. Proc. § 352.1(a), which provides that the statute of limitations is statutorily tolled for up to two years when a plaintiff is "imprisoned on a criminal charge . . . for a term less than for life" at the time a claim accrues. Cal. Civ. Proc. Code § 352.1(a).

Defendants challenge the statutory language of § 352.1(a), arguing, "[b]eing arrested . . . is not the equivalent of being imprisoned." (ECF No. 41 at 3.) Defendants, citing *Elliott v. City of Union City*, concede that courts in this circuit have applied tolling to claims that accrued prior to continuous imprisonment, but argue that those courts did not address the distinction between arrestees and prisoners within the meaning of § 352.1(a). (ECF No. 41 at 4; *Elliott v. City of Union City*, 25 F.3d 800 (9th Cir. 1994), (holding that that an arrestee's claims were tolled during an entire uninterrupted period of incarceration, and did not end until release following prison sentence).) Plaintiff also cites *Elliott*, but only to support the general proposition that federal law determines when a cause of action accrues, not to advance any specific argument as to tolling. (ECF No. 38 at 5 (citing *Elliott*, 25 F.3d at 801–02).)

In *Elliott*, the plaintiff brought a § 1983 claim for alleged excessive force used during arrest. *Elliott*, 25 F.3d at 801. After his arrest, the plaintiff remained in continuous police custody until his conviction for two felony counts of battery, upon which he was sent to state

prison. *Id.* The question before the court was "whether being continuously incarcerated prior to arraignment constitutes being 'imprisoned on a criminal charge' within the meaning of the California disability statute." *Id.* at 802. The court analyzed Cal. Civ. Proc. Code § 352(a)(3), the precursor to § 352.1(a).[1] *Id.* As part of its analysis, the court stated, "neither this court nor the California courts have considered" whether being "incarcerated prior to arraignment constitutes being 'imprisoned on a criminal charge.'" *Id.* The court determined that "[i]n the absence of controlling state precedent, we must decide this question as the California Supreme Court would decide it." *Id.* at 802, n.3 (citations omitted). The court then looked to a similar Washington statute and determined that "tolling was triggered by the individual's arrest and incarceration." *Id.* at 802.

Since *Elliott*, the California Court of Appeal held as a matter of first impression that "a would-be plaintiff is 'imprisoned on a criminal charge' within the meaning of section 352.1 if he or she is serving a term of imprisonment in the state prison." *Austin v. Medicis*, 21 Cal. App. 5th 577, 597 (Ct. App. 2018), *reh'g denied* (Apr. 11, 2018), *review denied* (June 13, 2018). The court found that pretrial custody in a county jail does not render an arrestee "imprisoned on a criminal charge" under § 352.1(a). *Id.* The court held that the statute's tolling provisions did not apply during the time that plaintiff spent in a county jail. *Id.* The California Supreme Court denied review of *Austin* on June 13, 2018. *Austin* provides persuasive state precedent. *See also McClain v. Brosowske*, No. EDCV 17–2377 MWF SS, 2018 WL 1918533, at *3–4 (C.D. Cal. Apr. 20, 2018) (discussing *Austin*'s holding and noting that plaintiff "was plainly not serving a prison sentence" upon his arrest and subsequent time in a local detention center).

Notably, in *Austin*, the court found that the *Elliott* decision was unpersuasive to its analysis because *Elliott* "predated the enactment of section 352.1" and "did not have the benefit of the legislative findings on this subject." *Austin*, 21 Cal. App. 5th at 590, n.4. The court

---

[1] The California Legislature enacted § 352(a)(3) in 1872, and later amended the tolling statute by enacting § 352.1(a), "a new, less generous tolling provision," in 1994. *Austin v. Medicis*, 21 Cal. App. 5th 577, 592–95 (Ct. App. 2018). Although the language from both versions of the statute are similar, the amended statute added a two-year limit to the tolling statute so that prisoners would "bring their actions against the state in a timely manner." *Id.* at 596 (citing Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 1445 (1993–1994 Reg. Sess.) Apr. 6, 1994).

thoroughly analyzed § 352.1's legislative history, which revealed that the legislative discussions during the amendment process explicitly focused on "inmates incarcerated in California prisons." *Id.* at 596 (citing Stats. 1994, ch. 1083, § 1, pp. 6465–6466). Furthermore, *Elliott* is factually distinguishable from the instant case because Plaintiff spent one night in county jail while the plaintiff in *Elliott* remained in uninterrupted custody from the time of his arrest until he was convicted and sent to state prison. (ECF No. 15 ¶¶ 23, 85); *Elliott*, 25 F.3d at 801. As such, the *Elliott* court focused solely on the meaning of the statute within the context of continuous incarceration, which is not at issue in the instant case. *Id.* at 801–03. For these reasons, this Court agrees with the *Austin* court that *Elliott* is unpersuasive.

Here, Plaintiff asserts that her stay in Sacramento County Jail tolls the statute of limitations. (ECF No. 38 at 5–6.) However, as discussed in *Austin*, Plaintiff's overnight stay does not constitute a term of imprisonment in a state prison. *Austin v. Medicis*, 21 Cal. App. 5th at 597. Because the stay was not a term of imprisonment in a state prison, her claims were not tolled while she was in the Sacramento County Jail. Thus, the Court finds Plaintiff's § 1983 claims stemming from her arrest were not statutorily tolled under § 352.1(a). The statute of limitations for Plaintiff's § 1983 claims ended on April 5, 2016. Accordingly, the Court dismisses with prejudice Plaintiff's claims filed April 6, 2016 as untimely.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss Plaintiff's claims 1–11, (ECF No. 32). Further, the Court DENIES as moot Plaintiff's pending Request for Reconsideration, (ECF No. 49). The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: October 24, 2018:

Troy L. Nunley
United States District Judge

7