UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEENA SHAW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-00729-TLN-CKD<br><br>**ORDER** |

The matter is before the Court on remand from the Ninth Circuit Court of Appeals (ECF No. 60) and on Plaintiff Sheena Shaw's ("Plaintiff") Motion for Relief from Judgment and Leave to File an Amended Complaint (ECF No. 64). Defendants Sacramento County Sheriff's Department, Sheriff Scott Jones, County of Sacramento, M. Pai, Steven Forsyth, Colin Mason, Kenneth Shelton, Reid Harris, S. Barry, and C. Bartilson (collectively, "Defendants") filed an opposition. (ECF No. 65.) Plaintiff filed a reply. (ECF No. 67.) The parties also filed supplemental briefing regarding the Ninth Circuit's mandate, which ordered this Court to consider whether Plaintiff adequately pleaded a false arrest claim. (ECF Nos. 62, 63.) For the reasons discussed herein, the Court GRANTS in part and DENIES in part Plaintiff's motion.

///

///

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that on April 5, 2014, officers of the Sacramento County Sheriff's Department made a warrantless entry into her home and used excessive force against her while arresting her 18-year-old son. (ECF No. 16 at ¶¶ 23–59.) Plaintiff alleges she was arrested on April 5, 2014, and then released from the Sacramento County Jail the following day, April 6, 2014. (*Id.* at ¶¶ 23, 85.) On November 30, 2016, Plaintiff filed the operative First Amended Complaint ("FAC"), asserting 11 claims for violations of her constitutional rights pursuant to 42 U.S.C. § 1983 ("§ 1983").

On October 25, 2018, the Court found that Plaintiff's claims were barred by the applicable statute of limitations and dismissed the FAC in its entirety without leave to amend. (ECF No. 52.) Plaintiff appealed. (ECF No. 54.) On appeal, the Ninth Circuit affirmed this Court's decision as to all of Plaintiff's claims except for her false arrest claim. (ECF No. 60 at 5.) The Ninth Circuit instructed the Court "to consider, in the first instance, whether the false arrest claim is adequately pled or barred by [Plaintiff's] nolo contendere plea." (*Id.*) Because of the lack of briefing on this issue, the Court ordered the parties to file supplemental briefs. (ECF No. 61.) The parties filed supplemental briefs as ordered on September 25, 2020. (ECF Nos. 62, 63.) That same day, Plaintiff filed a motion for relief from judgment under Federal Rule of Civil Procedure ("Rule") 60(b)(6) and a request for leave to amend under Rule 15. (ECF No. 64.)

The Court will address Plaintiff's Rule 60(b)(6) arguments and Rule 15 arguments in turn.

II. **RULE 60(B)(6) MOTION**

   A. Standard of Law

Under Rule 60(b), the Court may relieve Plaintiff from a final judgment, order, or proceeding "for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

2

(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

A motion based on Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). With respect to subsections (1), (2), and (3) of Rule 60(b), the motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." *Id.* Rule 60(b)(6) goes further, empowering a court to reopen a judgment even after one year has passed. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship (Pioneer)*, 507 U.S. 380, 393 (1993). However, subsections (1) through (3) are mutually exclusive of subsection (6). *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)); *see also Reiner v. City of L.A.*, 185 Fed. App'x 643, 644 (9th Cir. 2006) (citations omitted) (noting that Rule 60(b)(6) is not a substitute for 60(b)(1)). "[T]hus, a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." *Pioneer*, 507 U.S. at 393. Moreover, "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Id.* Rule 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal citations omitted).

    B.   Analysis

Plaintiff argues the Court should grant relief from judgment because of the intervening decision in *Austin v. Medicis*, 21 Cal. App. 5th 577, 582 (2018). (ECF No. 64 at 4–5.) The Court relied on *Austin* in rejecting Plaintiff's argument that California Code of Civil Procedure § 352.1 ("§ 352.1") tolled her otherwise time-barred claims.[1] (ECF No. 52 at 6.) The Ninth Circuit also relied on *Austin* in affirming the Court's decision. (ECF No. 60 at 3.) Plaintiff contends an

---

[1] Section 352.1, subdivision (a), provides, "If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years." Cal. Code Civ. P. § 352.1. The *Austin* court held that "a would-be plaintiff is 'imprisoned on a criminal charge' within the meaning of [§] 352.1 if he or she is serving a term of imprisonment in the state prison." 21 Cal. App. 5th at 597.

1 extraordinary circumstance exists because she never had the opportunity to argue the applicability
2 of *Austin*, which was decided after the briefing in the instant case. (*Id.* at 5.) Plaintiff also argues
3 the Court should have considered California Government Code § 945.3 ("§ 945.3") as an
4 alternative tolling statute.[2] (*Id.* at 5–6.)

5       In opposition, Defendants argue the Ninth Circuit's ruling that the dismissed claims are
6 time-barred is binding as the "law of the case." (ECF No. 65 at 3.) Defendants emphasize that
7 the Ninth Circuit stated Plaintiff waived her tolling argument under § 945.3. (*Id.*) In the
8 alternative, Defendants argue Plaintiff's Rule 60(b)(6) motion is untimely because Plaintiff did
9 not file the motion until almost two years after the Court's judgment. (*Id.* at 3–4.)

10       The Court agrees with Defendants. Plaintiff originally argued the statute of limitations
11 period for her claims was tolled only under § 352.1. (ECF No. 38 at 5.) Plaintiff failed to raise
12 any argument about § 945.3 in opposition to Defendants' motion to dismiss. (*See id.*) When
13 Plaintiff attempted to raise the argument on appeal, the Ninth Circuit stated Plaintiff waived the
14 argument because she "raised it for the first time in a motion for reconsideration of a magistrate
15 judge order staying discovery pending a ruling on the motion to dismiss." (ECF No. 60 at 4.)
16 Plaintiff does not sufficiently explain her failure to properly raise the argument sooner. Although
17 Plaintiff vaguely argues *Austin* was an intervening decision, tolling under § 945.3 was not at issue
18 in *Austin* — the *Austin* court addressed only tolling under § 352.1. *See* 21 Cal. App. 5th at 589–
19 90. Plaintiff has not persuaded the Court that her own failure to raise the alternative argument
20 about § 945.3 tolling in a timely and appropriate manner constitutes "extraordinary
21 circumstances" warranting relief from judgment under Rule 60(b)(6) for those claims that were
22 properly dismissed.

23       Accordingly, the Court DENIES Plaintiff's Rule 60(b)(6) motion.
24 ///

---

[2] Section 945.3 provides that the statute of limitations is tolled while criminal charges are pending. Cal. Gov't Code § 945.3 ("No person charged . . . [with] a criminal offense may bring a civil action . . . against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense . . . while the charges against the accused are pending before a superior court.").

**III.   RULE 15 MOTION**

   A.   Standard of Law

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith[;] (2) undue delay[;] (3) prejudice to the opposing party[;] (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

   B.   Analysis

Plaintiff contends the Court should grant leave to file a Second Amended Complaint to "preserv[e] the excessive force claim, in addition to the false arrest claim." (ECF No. 64 at 9–10.) Plaintiff also mentions pleading a claim "for *Monell* and supervisory liability." (*Id.*) In opposition, Defendants argue the Court should deny leave to amend because it "would restore [§] 1983 claims already dismissed by this Court in a judgment that was affirmed by the Ninth Circuit." (ECF No. 65 at 2.)

Plaintiff fails to explain clearly what allegations she seeks to add. To the extent Plaintiff is attempting to revive claims that have been properly dismissed, amendment of those claims is futile. To the extent Plaintiff seeks to add brand new allegations or claims, Plaintiff has unduly delayed seeking leave to amend, as she did not seek leave to amend until almost two years after this Court's judgment and almost four years after she filed the operative FAC. However, pursuant to the Ninth Circuit's mandate, the Court GRANTS Plaintiff's motion to amend *solely* as to her false arrest claim, as will be discussed below.

Plaintiff argues she adequately alleged a false arrest claim. (ECF No. 63 at 3.) Defendants argue Plaintiff's purported false arrest claim does not satisfy Rule 8. (ECF No. 62 at 1.) The Court did not discuss the false arrest claim in its prior order. (ECF No. 52.)

Rule 8 requires "each averment of a pleading to be 'simple, concise, and direct.'" *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). To comply with Rule 8, a

complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Id.* at 1178. Even if the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. *Id.* Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id.* at 1179. Indeed, Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.*

The Court finds the FAC does not adequately set forth a claim for false arrest by stating "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry*, 84 F.3d 1177–78. It is not the Court's job to sift through allegations to attempt to determine whether there may be a possible hidden cause of action. *Walker v. Bowler*, No. 5:17-cv-01687-AG-JC, 2018 WL 2392152, at *6 (C.D. Cal. May 24, 2018); *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Plaintiff's FAC is 150 paragraphs long yet fails to clearly identify a claim for false arrest. (ECF No. 16.) At best, the FAC provides scattered, threadbare allegations of false arrest that warrant dismissal under Rule 8.

As instructed by the Ninth Circuit, the Court also considers whether Plaintiff's claim is barred by her nolo contendere plea. The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must provide that the conviction or sentence has been reserved on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff argues she was charged with violating California Penal Code § 148(a) and pleaded no contest to the charge as part of a misdemeanor pretrial diversion.[3] (ECF No. 62 at 2–3.) Plaintiff further argues the charges were ultimately dismissed and she was not

---

[3] Plaintiff claims the clerk incorrectly wrote "DEJ" (Deferred Entry of Judgment) on the docket, when in fact Plaintiff entered and completed a misdemeanor pretrial diversion program.

6

1  sentenced or convicted.  (*Id.* at 2.)

2       Some courts in the Eastern District of California have held that completion of a pretrial
3  diversion program that leads to dismissal of charges is sufficient for a plaintiff to circumvent the
4  *Heck* bar and bring a § 1983 claim.  *See McMillan v. Cnty. of Shasta*, No. 2:20-cv-00564 JAM-
5  JDP, 2021 WL 353882, at *5 (E.D. Cal. Feb. 2, 2021) (plaintiff allowed to bring a claim after
6  completion of deferred entry of judgment program invalidated the conviction); *Lull v. Cnty. of*
7  *Sacramento*, No. 2:17-cv-1211-TLN-EFB PS, 2020 WL 5495279, at *2 (E.D. Cal Sept. 11, 2020)
8  (*Heck* did not bar plaintiff's claim following withdrawal of no contest plea and successful
9  completion of deferred entry of judgment program); *Medeiros v. Clark*, 713 F. Supp. 2d 1043,
10  1056 (E.D. Cal. 2010) ("Plaintiff was never convicted of any crime . . . was never incarcerated
11  and suffers no collateral consequences as a result of the misdemeanor pretrial diversion" thus
12  "*Heck* does not bar plaintiff's section 1983 equal protection claim") (internal citations omitted).
13  Based on the Court's research, at least one decision in this district seems to have reached an
14  opposite conclusion.  *See Duarte v. City of Stockton*, No. 2:19-cv-00007-MCE-CKD, 2021 WL
15  4942878, at *5 (E.D. Cal. Oct. 22, 2021) ("Plaintiffs here cannot plausibly argue that completing
16  mandatory community service, after pleading no contest . . . can possibly constitute a 'favorable
17  termination'" to avoid the *Heck* bar).  However, it bears mentioning that an appeal of *Duarte* is
18  currently pending before the Ninth Circuit, and the Ninth Circuit may soon resolve the issue.  For
19  now, in the absence of controlling authority and considering the Eastern District of California
20  cases allowing § 1983 claims to be brought after dismissal of charges under similar
21  circumstances, the Court cannot say Plaintiff's false arrest claim is futile.

22       As such, the Court GRANTS Plaintiff leave to amend for the sole purpose of pleading a
23  false arrest claim.

24      **IV.**    **CONCLUSION**

25       For the foregoing reasons, the Court hereby GRANTS in part and DENIES in part
26  Plaintiff's motion (ECF No. 64) as follows: the Court DENIES Plaintiff's motion under Rule
27  60(b) as to those claims that were properly dismissed, but the Court GRANTS Plaintiff leave to
28  amend her complaint solely to plead a false arrest claim.  Plaintiff shall file her amended

complaint not later than thirty (30) days after the electronic filing date of this Order. Defendants' responsive pleading is due not later than twenty-one (21) days after Plaintiff files the amended complaint.

IT IS SO ORDERED.

DATED: March 7, 2022

_____
Troy L. Nunley
United States District Judge