1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    SHEENA SHAW,                                No. 2:16-cv-00729-TLN-CKD

12                    Plaintiff,

13         v.                                     **ORDER**

14    SACRAMENTO COUNTY SHERIFF'S
      DEPARTMENT, et al.,
15
                    Defendants.
16

17

18         This matter is before the Court on Defendants Sacramento County, Scott Jones, M. Pai,

19    Steven Forsyth, Colin Mason, Kenneth Shelton, and Reid Harris's (collectively, "Defendants")

20    Motion to Dismiss.  (ECF No. 71.)  Plaintiff Sheena Shaw ("Plaintiff") filed an opposition.  (ECF

21    No. 72.)  Defendants filed a reply.  (ECF No. 74.)  Also before the Court are Plaintiff's Motions

22    for Sanctions.  (ECF Nos. 75, 77.)  Defendants opposed both motions.  (ECF Nos. 78, 79.)

23    Plaintiff replied.  (ECF Nos. 81, 82.)  For the reasons set forth below, the Court GRANTS

24    Defendants' motion to dismiss and DENIES Plaintiff's motions for sanctions.

25    ///

26    ///

27    ///

28    ///

                                           1

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on April 5, 2014, officers of the Sacramento County Sheriff's Department made a warrantless entry into her home and used excessive force against her while arresting her 18-year-old son.  (ECF No. 69 at 5.)  Plaintiff alleges she was arrested on April 5, 2014, and then released from the Sacramento County Jail the following day, April 6, 2014.  (*Id.* at 10–11.)  Plaintiff was charged with resisting arrest under California Penal Code § 148 ("§ 148"). (*Id.* at 12.)  On August 13, 2014, Plaintiff entered a diversion program pursuant to California Penal Code § 1001.  (*Id.* at ¶ 86.)  Plaintiff successfully completed diversion on August 28, 2015, and all criminal charges brought against Plaintiff were dismissed.  (*Id.* at ¶ 93–94.)

Plaintiff filed a Complaint on April 6, 2016 (ECF No. 1), and a First Amended Complaint ("FAC") on November 30, 2016 (ECF No. 15).  In her FAC, Plaintiff alleged eleven 42 U.S.C. § 1983 ("§ 1983") claims for various constitutional violations, including unlawful search, excessive force, and malicious prosecution.  (ECF No. 15.)  Defendants moved to dismiss on several grounds.  (ECF No. 32.)  The Court granted Defendants' motion and dismissed Plaintiff's claims as barred by the applicable statute of limitations.  (ECF No. 52.)  Plaintiff appealed.  (ECF No. 54.)  The Ninth Circuit largely affirmed this Court's order but remanded the case solely for the Court to determine whether Plaintiff's "false arrest claim [was] adequately pled or barred by [her] nolo contendere plea."  (ECF No. 59 at 4.)  After ordering supplemental briefing on the issue, the Court allowed Plaintiff to file an amended complaint "for the sole purpose of pleading a false arrest claim."  (ECF No. 68 at 7.)

Plaintiff filed the operative Second Amended Complaint ("SAC") on March 29, 2022. (ECF No. 69.)  Plaintiff alleges the following: (1) a § 1983 claim for false arrest against Mason and Harris; (2) a § 1983 claim for conspiracy related to the false arrest against Forsyth, Harris, Mason, and Shelton; (3) a § 1983 claim for supervisory liability related to the false arrest against Pai and Jones; and (4) a § 1983 claim for *Monell* liability related to the false arrest against Sacramento County, Sacramento County Sheriff's Department, and Jones.  (*Id.* at 24–26.) Defendants filed a motion to dismiss on April 19, 2022.  (ECF No. 71.)  Plaintiff filed two nearly identical motions for sanctions on June 8 and 9, 2022.  (ECF Nos. 75, 77.)

1    **II.     MOTION TO DISMISS**

2         A.     Standard of Law

3         A motion to dismiss for failure to state a claim upon which relief can be granted under

4    Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

5    *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

6    "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

7    Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in

8    federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the

9    grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal

10   citation and quotations omitted).  "This simplified notice pleading standard relies on liberal

11   discovery rules and summary judgment motions to define disputed facts and issues and to dispose

12   of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

13        On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

14   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every

15   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

16   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

17   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

18   relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

19        Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

20   factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

21   While Rule 8(a) does not require detailed factual allegations, "it demands more than an

22   unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

23   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

24   elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

25   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

26   statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences

27   are insufficient to defeat a motion to dismiss" for failure to state a claim.  *Adams v. Johnson*, 355

28   F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the

3

1   plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

2   in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

3   *Council of Carpenters*, 459 U.S. 519, 526 (1983).

4          Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

5   facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim

6   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

7   reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

8   680.  While the plausibility requirement is not akin to a probability requirement, it demands more

9   than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility

10  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

11  experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or

12  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

13  dismissed. *Id.* at 680 (internal quotations omitted).

14         If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

15  amend even if no request to amend the pleading was made, unless it determines that the pleading

16  could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

17  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

18  *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

19  denying leave to amend when amendment would be futile).  Although a district court should

20  freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

21  deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

22  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

23  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

24                 B.        Analysis

25         Defendants move to dismiss the SAC in its entirety because it fails to state a false arrest

26  claim against any Defendant and, alternatively, violates Rule 8.  (ECF No. 71-1 at 2.)  In

27  opposition, Plaintiff argues the SAC satisfies Rule 8 and Defendants' representations are false

28  and meritless.  (ECF No. 72.)

1    The Court agrees with Defendants that the SAC should be dismissed pursuant to Rule 8

2  for several reasons.  Rule 8 requires "each averment of a pleading to be 'simple, concise, and

3  direct.'"  *See McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996) (affirming dismissal of

4  complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").  To

5  comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what

6  relief, and on what theory, with enough detail to guide discovery."  *Id.* at 1178.  Even if the

7  factual elements of a cause of action are present but are scattered throughout the complaint and

8  not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule

9  8 is proper.  *Id.*  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not

10 depend on whether the complaint is wholly without merit."  *Id.* at 1179.  Indeed, Rule 8(d)'s

11 requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good

12 claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)."  *Id.*

13     The 27-page SAC is disorganized, unclear, and filled with allegations of questionable

14 relevance.  Plaintiff includes over 100 paragraphs of "averments," many of which appear to

15 support claims that have already been dismissed — such as allegations relating to excessive force

16 and the prosecution.  (ECF No. 69 at ¶¶ 20–128.)  Under each claim, Plaintiff merely incorporates

17 by reference the preceding allegations, repeats a conclusory paragraph for each claim, and refers

18 to Defendants collectively, even though each claim is purportedly brought against different

19 Defendants under different legal theories.  (*Id.* at ¶¶ 129–136.)  This lack of clarity permeates the

20 entire SAC and is a sufficient basis for dismissal under Rule 8.  *See Destfino v. Reiswig*, 630 F.3d

21 952, 958 (9th Cir. 2011) (affirming a district court's dismissal of an entire complaint that made

22 "everyone did everything allegations" without leave to amend because "[t]he district court made

23 clear . . . that plaintiffs must amend their 'shotgun pleading' to 'state[ ] clearly how each and

24 every defendant is alleged to have violated plaintiffs' legal rights" and plaintiffs failed to do so).

25     This is the second time the Court has concluded that Plaintiff's complaint fails to satisfy

26 Rule 8.  (*See* ECF No. 68 at 5–6.)  If Plaintiff opts to file an amended complaint, she should

27 clearly identify which specific facts support a false arrest claim against each Defendant.  *See*

28 *Hughey v. Camacho*, No. 2:13-CV-2665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23,

1    2014); *see also McHenry*, 84 F.3d at 1176 ("[P]laintiffs would be well advised to . . . focus on

2    linking their factual allegations to actual legal claims.").  Plaintiff is further encouraged to remove

3    allegations that are relevant only to claims that have already been dismissed.

4            Accordingly, the Court GRANTS Defendants' motion to dismiss with leave to amend.[1]

5            **III.    MOTIONS FOR SANCTIONS**

6            Plaintiff filed two motions for sanctions, arguing Defendants' motion to dismiss and reply

7    in support of the motion "are deliberately frivolous documents that have been filed for an

8    improper purpose."  (ECF Nos. 75, 77.)  Plaintiff argues Defendants' filings are baseless,

9    grounded in misrepresentations, and made without reasonable and competent inquiry.  (*Id.*)

10   Plaintiff's two motions for sanctions are nearly identical, except that one is brought pursuant to

11   Rule 11 and the other is brought pursuant to 28 U.S.C. § 1927 ("§ 1927").  (*Id.*)  In opposition,

12   Defendant argues Plaintiff violated the 21-day "safe harbor" requirement of Rule 11, her motions

13   for sanctions are duplicative of her opposition to the motion to dismiss, and Plaintiff's counsel

14   should be sanctioned under Rule 11 for filing "his vexatious, harassing, and meritless motion[s]."

15   (ECF Nos. 78, 79.)

16           Rule 11 states in relevant part:

17               By presenting to the court a pleading, written motion, or other paper
                 — whether by signing, filing, submitting, or later advocating it — an
18               attorney or unrepresented party certifies that to the best of the
                 person's knowledge, information, and belief, formed after an inquiry
19               reasonable under the circumstances . . . [that] (1) it is not being
                 presented for any improper purpose, such as to harass, cause
20               unnecessary delay, or needlessly increase the cost of litigation; (2)
                 the claims, defenses, and other legal contentions are warranted by
21               existing law . . .; [and] (3) the factual contentions have evidentiary
                 support or, if specifically so identified, will likely have evidentiary
22               support after a reasonable opportunity for further investigation or
                 discovery . . . .

23

24   Fed. R. Civ. P. 11(b).  "Rule 11's requirement of a reasonable inquiry means an inquiry

25   reasonable under all the circumstances of a case."  *Townsend v. Holman Consulting Corp.*, 929

26   ──────────────
     [1]      The Court notes that as of the date of this Order, *Duarte v. City of Stockton* is still pending
27   before the Ninth Circuit, which may be dispositive in this case on the issue of whether Plaintiff's
     nolo contendere plea bars her false arrest claim.  No. 2:19-cv-00007-MCE-CKD, 2021 WL
28   4942878 (E.D. Cal. Oct. 22, 2021) (Appeal No. 21-16929).

1    F.2d 1358, 1364 (9th Cir. 1990) (internal citations and quotations omitted).  Although Rule 11

2    does not explicitly contain the word "frivolous," the Ninth Circuit has used that term as shorthand

3    to "denote a filing that is both baseless and made without reasonable and competent inquiry."  *Id.*

4    at 1362.  "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."

5    *Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).  Similarly,

6    sanctions under § 1927 require a finding of bad faith.  *New Alaska Develop. Corp. v. Guetschow*,

7    869 F.2d 1298, 1306 (9th Cir. 1989).  "Bad faith is present when an attorney knowingly or

8    recklessly raises a frivolous argument . . .."  *Id.* (citation omitted).

9           As explained above, the Court found merit in Defendants' motion to dismiss.  The Court

10   thus declines to sanction Defendants for their filings.  Even assuming Defendants' motion

11   included some misrepresentations or questionable arguments, they were not material to this

12   Court's ruling and may have resulted in part from the SAC's overall lack of clarity.  Although it

13   is unclear why Plaintiff filed two motions for sanctions rather than simply oppose Defendants'

14   motion to dismiss, the Court denies Defendants' request for monetary sanctions related to

15   responding to Plaintiff's motions for sanctions.

16          Accordingly, the Court DENIES all requests for sanctions.

17   **IV.    CONCLUSION**

18          For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss with leave

19   to amend (ECF No. 71) and DENIES Plaintiff's Motions for Sanctions.  (ECF Nos. 75, 77.)

20   Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing

21   date of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days

22   after Plaintiff files an amended complaint.

23          IT IS SO ORDERED.

24

25   **DATED:  February 15, 2023**

26

27   _____
     Troy L. Nunley

28   United States District Judge

7