UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEENA SHAW, <br><br>         Plaintiff, <br><br>     v. <br><br> COLIN MASON, STEVEN FORSYTH, KENNETH SHELTON, and REID HARRIS, <br><br>         Defendants. | No. 2:16-cv-00729-TLN-CKD <br><br><br> **ORDER** |

This matter is before the Court on Defendants Colin Mason, Steven Forsyth, Kenneth Shelton, and Reid Harris's (collectively, "Defendants") Motion to Dismiss. (ECF No. 88.) Plaintiff Sheena Shaw ("Plaintiff") filed an opposition. (ECF No. 89.) Defendants filed a reply. (ECF No. 91.) Also before the Court is Plaintiff's Motion for Sanctions. (ECF No. 92.) Defendants filed an opposition. (ECF No. 93.) Plaintiff replied. (ECF No. 95.) For the reasons set forth below, the Court DENIES both motions.

///

///

///

///

///

1

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The Court need not recount all background facts, as they are set forth fully in the Court's previous order. (ECF No. 86.) In short, Plaintiff alleges on April 5, 2014, Defendants entered her home, used excessive force, and unlawfully arrested her for resisting arrest even though she did not resist during the encounter. (ECF No. 87 at ¶ 63.) The charges against Plaintiff were dismissed after she completed a diversion program. (*Id.* at ¶ 54–55.)

Plaintiff filed the operative Third Amended Complaint ("TAC") on March 20, 2023. (ECF No. 87.) Plaintiff alleges a single 42 U.S.C. § 1983 ("§ 1983") claim against all Defendants for false arrest. (*Id.* at 9.) Defendants filed a motion to dismiss on April 10, 2023 (ECF No. 88), and Plaintiff filed a motion for sanctions on May 25, 2023 (ECF No. 92). The Court will first address the motion to dismiss and then the motion for sanctions.

II.  **MOTION TO DISMISS**

   A.   Standard of Law

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

2

1   relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

2   Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of
3   factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).
4   While Rule 8(a) does not require detailed factual allegations, "it demands more than an
5   unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A
6   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
7   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678
8   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
9   statements, do not suffice.").  Thus, '[c]onclusory allegations of law and unwarranted inferences
10  are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355,
11  F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the
12  plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws
13  in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*
14  *Council of Carpenters*, 459 U.S. 519, 526 (1983).

15  Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
16  facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim
17  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
18  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
19  680.  While the plausibility requirement is not akin to a probability requirement, it demands more
20  than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility
21  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial
22  experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or
23  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly
24  dismissed.  *Id.* at 680 (internal quotations omitted).

25  B.   Analysis

26  Plaintiff alleges a single § 1983 false arrest claim against all Defendants.  "A claim for
27  unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the
28  arrest was without probable cause or other justification." *Dubner v. City & Cnty. of S.F.*, 266

F.3d 959, 964 (9th Cir. 2001). It appears Plaintiff seeks to hold Mason directly liable for false arrest and all other Defendants liable under a conspiracy theory.

Defendants move to dismiss the TAC in its entirety. (ECF No. 88-1 at 1.) More specifically, Defendants argue: (1) Plaintiff's allegations are not plausible because there is a lawful explanation for her arrest; (2) there are insufficient facts to state a false arrest claim; and (3) Plaintiff's completion of diversion precludes her from asserting a false arrest claim because her arrest is now "deemed to have never occurred" pursuant to California Penal Code § 1001.9(a) ("§ 1001.9(a)"). (*Id.* at 6.) The Court will address Defendants' arguments in turn.

First, in arguing Plaintiff's claim is not plausible because she failed to allege "facts tending to exclude [a] lawful explanation," Defendants cite *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104 (9th Cir. 2013). (ECF No. 88-1 at 5.) Defendants fail to persuade the Court that *In re Century* is relevant to the instant case, as it appears to be factually distinct and specific to securities law. Generally, Plaintiff is under no obligation to disprove a "lawful explanation" of the facts at the pleading stage. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).").

Turning to Defendants' second argument about the sufficiency of the allegations, Plaintiff alleges several facts that, when taken as true, plausibly support a false arrest claim against Mason. Plaintiff alleges Mason used force against her in her home. (ECF No. 87 at ¶ 19.) Specifically, Plaintiff alleges "Mason rushed Plaintiff and violently grasped her by the neck, placed her in a chokehold with one arm, and forced her to the floor face first, slamming her head against the wall in the process . . . ." (*Id.*) Plaintiff alleges she was then arrested for resisting arrest under California Penal Code § 148. (*Id.* at ¶ 49.) However, Plaintiff alleges she did not "do anything to prevent or attempt to prevent Mason or any officer from carrying out any lawful performance." (*Id.* at ¶ 29.) Based on Plaintiff's allegations that she did not resist Mason during the encounter, it is plausible that Mason arrested Plaintiff for resisting arrest without probable cause.

///

Plaintiff also alleges sufficient facts to hold Forsyth, Shelton, and Harris liable for false arrest based on a conspiracy. A civil conspiracy requires "a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012) (quoting *Gilbrook v. City of Westminster*, 177 F.3d 839, 856–57 (9th Cir. 1999)). "Conspiracy is not itself a constitutional tort under § 1983." *Id.* There must be an underlying constitutional violation, and conspiracy can then "enlarge the pool of responsible defendants by demonstrating their causal connections to the [constitutional] violation." *Id.*

Plaintiff's TAC alleges Mason arrested her for resisting arrest to cover up his excessive force and Forsyth, Shelton, and Harris "agreed or formed an understanding" to conceal Mason's excessive force through fabrication of police reports. (ECF No. 87 at ¶ 34.) Plaintiff then cites to specific quotes within Defendants' police reports and alleges such quotes are false. (*Id.* at ¶ 36–38.) The Court finds Plaintiff's allegations regarding Defendants' police report fabrication sufficient to survive Defendants' motion to dismiss. *See Rendon v. City of Fresno*, No. 1:05-cv-00661-OWW-DLB, 2005 WL 3144144, at *4–5 (E.D. Cal. Nov. 23, 2005) (finding § 1983 conspiracy claim plausible when plaintiff alleged officers conspired to falsify police reports to justify unlawful entry and excessive force).

Lastly, Defendants' third argument about § 1001.9(a) is unpersuasive. Defendants argue Plaintiff cannot bring a false arrest claim because her completion of diversion deemed her arrest "to have never occurred." (ECF No. 88-1 at 6.) Defendants fail to cite any authority to support this interpretation of § 1001.9(a). Notably, Defendants leave out the remainder of the provision, which states arrest records may be sealed upon completion, and individuals are permitted "to indicate in response to any question concerning his or her prior criminal record that he or she was *not* arrested or diverted for the offense . . . ." Cal. Penal Code § 1001.9(a) (emphasis added). The following sentence states, "[a] record pertaining to an arrest resulting in successful completion of a diversion program shall not, without the divertee's consent, be used in any way that could result in the denial of any employment, benefit, license, or certificate." *Id.* This language suggests the purpose of § 1001.9(a) is to ensure that arrestees of misdemeanor offenses who complete a

5

1  diversion program are not subsequently forced to disclose their arrest for purposes of employment
2  or other benefits.  Based on Defendants' limited argument on this issue and in the absence of
3  authority to the contrary, the Court declines to hold that § 1001.9(a) bars Plaintiff's false arrest
4  claim.
5          Accordingly, the Court DENIES Defendants' motion to dismiss.

### III.    MOTION FOR SANCTIONS

In moving for sanctions, Plaintiff argues Defendants' § 1001.9(a) argument is "frivolous, legally unreasonable, and made for an improper purpose in violation of Fed. R. Civ. P. 11." (ECF No. 92-1 at 8.)  In opposition, Defendants argue it is reasonable to advance a novel argument based on the language of the statute.  (ECF No. 93 at 4.)  Defendants also request the Court sanction Plaintiff for filing the motion for sanctions.  (*Id.* at 6.)

"The central purpose of Rule 11 is to deter baseless filings."  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 394 (1990)).  Although Rule 11 does not explicitly contain the word "frivolous," the Ninth Circuit has used that term as shorthand to "denote a filing that is both baseless and made without reasonable and competent inquiry."  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).  "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."  *Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).  Courts must not construe or apply Rule 11 so as to chill an attorney's creativity or conflict with an attorney's duty to vigorously represent his or her client.  *Id.* at 1344.

Although Defendants' briefing could have been better and the Court disagrees with Defendants' argument about § 1001.9(a), the Court cannot say the argument was frivolous. Defendants presented a creative argument on a novel legal issue. Therefore, the Court DENIES Plaintiff's motion for sanctions.

As with Plaintiff's prior motions for sanctions, it is unclear why she chose to file a motion for sanctions rather than merely respond to Defendants' argument in her opposition to the motion to dismiss.  The Court cautions Plaintiff against moving for sanctions under similar circumstances in the future.  However, the Court DENIES Defendants' request to sanction Plaintiff at this time.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss (ECF No. 88) and DENIES Plaintiff's Motion for Sanctions (ECF No. 92). Defendants shall file an answer not later than twenty-one (21) days from the electronic filing date of this Order.

IT IS SO ORDERED.

DATE: February 12, 2024

Troy L. Nunley
United States District Judge