RIVERA HEWITT PAUL LLP
JONATHAN B. PAUL, SBN 215884
WENDY MOTOOKA, SBN 233589
2355 Gold Meadow Way, Suite 170
Gold River, CA 95670
Telephone: 916-922-1200  Facsimile: 916-922-1303
Email: JPaul@rhplawyers.com
       wmotooka@rhplawyers.com

Attorneys for Defendants COLIN MASON,
STEVEN FORSYTH, KENNETH SHELTON, and
REID HARRIS


Jeff Dominic Price JDP PC | SBN 165534
23465 Civic Center Wy., Bldg 9
Malibu, California 90265
jdp@jdpfirm.com
Tel. 310.451.2222

Cate Beekman SBN 245605
Beekman & Chikhani, LLP
711 Jefferson Street, Suite 101
Fairfield, California 94533
Tel. 510.326.5963

Attorneys for Plaintiff SHEENA SHAW

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEENA SHAW,<br><br>    Plaintiff,<br><br>vs.<br><br>DEPUTY COLIN MASON #461,<br>DEPUTY STEVEN FORSYTH #874,<br>DEPUTY KENNETH SHELTON #1021,<br>DEPUTY REID HARRIS #238, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: 2:16-cv-00729 TLN CKD<br><br>**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS; [~~PROPOSED~~] ORDER THEREON** |

Disclosure and discovery activity in this action are likely to involve production of

1

confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Such confidential information includes criminal records, some of which may be subject to a state court sealing order; personnel records; medical and psychiatric records; and other sensitive information or documents.

Therefore, Plaintiff SHEENA SHAW and Defendants COLIN MASON, STEVEN FORSYTH, KENNETH SHELTON, and REID HARRIS, by and through their respective counsel, hereby stipulate that the terms of this protective order, if approved by the Court, shall apply to the materials designated as confidential in this action.

## STIPULATION AND PROTECTIVE ORDER

**A.     DEFINITIONS**

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and any appeal from the Action, through final judgment.

2. "Documents" or "Confidential Documents" shall mean the Documents that plaintiff or defendants designate as "Confidential" in the manner set forth in this Protective Order.

3. "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c). Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4. "Defendants" shall mean COLIN MASON, STEVEN FORSYTH, KENNETH SHELTON, and REID HARRIS.

5. "Plaintiff" shall mean SHEENA SHAW.

6. "Parties" shall mean Plaintiff and Defendants, identified above.

**B.     TERMS OF THE PROTECTIVE ORDER**

The following terms apply to documents designated as "Confidential" by the Plaintiff or Defendants and produced subject to the following Protective Order:

1. The Confidential Documents shall be used solely in connection with the civil case *Shaw v. Mason et al.*, E.D. Cal. Case No. 2:16-cv-00729-TLN-CKD and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2. The "Designating Party" will designate the Confidential Documents as confidential by affixing a mark labelling them "Confidential."

3. The Confidential Documents may only be disclosed to the following persons:

   (a) Counsel for Plaintiff, including partners and associate attorneys in their offices, as counsel for Plaintiff in this case;

   (b) Counsel for Defendants, including partners and associate attorneys in their offices, as counsel for Defendants in this case;

   (c) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b), including stenographic deposition reporters or videographers retained in connection with this action;

   (d) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

   (e) Any expert, consultant, or investigator retained in connection with this action, however, such persons must be advised of and abide by this protective order;

   (f) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

   (g) Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential; and

   (h) The parties to this action and any representatives acting on their behalf for

this action.

4.   Before any Confidential Documents may be disclosed to persons described in Subsections paragraph 3 above, each person to whom such Confidential Documents are disclosed, except for Court officials and employees, shall be provided with a copy of this Protective Order and shall sign a written certification in the form of the undertaking attached hereto and incorporated herein.

5.   No notes, lists, memoranda, index, electronic images, databases or compilation prepared based wholly or in part upon examination of Confidential Documents shall be disseminated to anyone not authorized to have access to Confidential Documents.

6.   If the Confidential Documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141. If permission is granted, the Confidential Documents will be filed and served in accordance with Local Rule 141.

7.   The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

8.   Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue – other forms of communication are not sufficient) within seven (7) days of the date of receiving notice of the challenge.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet

and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within twenty-one (21) days of the initial notice of challenge.  Failure by the Designating Party to make such a motion within twenty-one (21) days shall automatically waive the "Confidential" designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

9. Notwithstanding the provisions of Paragraph 3, the Confidential Documents and information contained therein may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media, or via social media, provided that the Challenging Party has not obtained, by challenge or otherwise, the removal of the confidentiality designation from the Confidential Documents.

10. Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

11. A Confidential Document shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

12. After the conclusion of this litigation, the Confidential Documents will remain confidential, unless the Challenging Party has obtained removal of the confidentiality

designations, or unless the party receiving the confidential documents destroys the documents or returns them to the Designating Party and serves a declaration stating that they have done so. "Conclusion" of this litigation means a final resolution of the case following a trial and/or appeal, settlement, or dismissal of the Action with prejudice for any other reason.

13. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties, unless the Challenging Party has obtained removal of the confidentiality designations from certain documents, or unless the party receiving the confidential documents destroys the documents or returns them to the Designating Party and serves a declaration stating that they have done so.

14. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

**IT IS SO STIPULATED.**

DATE: January 17, 2025   RIVERA HEWITT PAUL LLP

  /s/ Wendy Motooka
JONATHAN B. PAUL
WENDY MOTOOKA
Attorneys for Defendants COLIN MASON, STEVEN FORSYTH, KENNETH SHELTON, REID HARRIS

DATE: January 17, 2025   JDP.PC

By   /s/ Jeff Dominic Price
Jeff Dominic Price, Esq.
Attorneys for Plaintiff

(916) 922-1200

# CERTIFICATION RE
# AGREEMENT CONCERNING DOCUMENTS
# COVERED BY PROTECTIVE ORDER

I hereby certify my understanding that Confidential Documents are being provided to me pursuant to the terms and restrictions of the Protective Order dated _____ (hereinafter "Order"), in *Shaw v. Mason et al.*, E.D. Cal. Case No. 2:16-cv-00729-TLN-CKD.

I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal Confidential Documents to anyone, except as allowed by the Order. I will maintain all such Confidential Documents – including copies, notes, or other transcriptions made therefrom – in a secure matter to prevent unauthorized access to it.  Not later than thirty (30) days after the conclusion of this action, I shall either (a) return such documents to counsel for the party or non-party who provided such information, or at my election, (b) destroy such documents and certify in writing that the documents have been destroyed.

I hereby consent to the jurisdiction of the Eastern District of California for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this _____ day of _____, at _____, _____.

By: _____

Address: _____

_____

_____

Phone: _____

RIVERA HEWITT PAUL LLP
2355 Gold Meadow Way, Suite 170
(916) 922-1200
Gold River, CA 95670

STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER THEREON     7

Case No. 2:16-cv-00729 TLN CKD

**ORDER**

Having reviewed the stipulation of the parties, is hereby ORDERED THAT:

1. The Stipulation is GRANTED;

2. ~~Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.~~

3. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

4. ~~A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).~~

5. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

6. The parties may not modify the terms of this Protective Order without the Court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the Court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. ~~Any provision in the parties' stipulation that is in conflict with anything in this~~

RIVERA HEWITT PAUL LLP
2355 Gold Meadow Way, Suite 170
Gold River, CA 95670
(916) 922-1200

STIPULATED PROTECTIVE ORDER; [PROPOSED]
ORDER THEREON
Case No. 2:16-cv-00729 TLN CKD

8

1 | ~~order is hereby DISAPPROVED.~~
2 | **IT IS SO ORDERED.**

Dated: January 22, 2025

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Gold River, CA 95670

Case No. 2:16-cv-00729 TLN CKD